GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, Respondent, Impleaded with LEWIS L. CLARKE, as Successor Trustee, under a Trust Agreement Dated February 10, 1903, Made by PLINY FISK, Appellant, Respondent, *v.* PLINY FISK and Others, Defendants, Impleaded with MARY L. C. FISK and Others, Respondents, Appellants.

First Department, April 12, 1935.

*Henry B. Johnson* of counsel [*Frederick C. Bangs* with him on the brief; *Niles & Johnson*, attorneys for Mary L. C. Fisk and Dorothy Fisk Paine; and *Hall, Merritt & Bangs*, attorneys for Edith Fisk Adames], for the defendants, respondents, appellants.

*Frank C. Laughlin* of counsel [*David Paine* and *Dudley Miller* with him on the brief; *White & Case*, attorneys], for the plaintiff Lewis L. Clarke.

*Otis T. Bradley* or counsel [*Davis, Polk, Wardwell, Gardiner & Reed*, attorneys], for the plaintiff Guaranty Trust Company of New York, as trustee.

O'MALLEY, J.   This is an action by the plaintiffs, the corporate and individual trustees, for the settlement of their accounts.   The judgment appealed from surcharges the individual trustee, Lewis L. Clarke, with the purchase price of stock of the General Baking Corporation (hereinafter called the Corporation).   This surcharge is predicated upon a finding of negligence in the purchase and not because of an error of judgment, from which the trustees were expressly relieved from liability under the terms of the trust agreement.   With respect to all other investments to which objections were made by the defendants, appellants, and respondents, Mary L. C. Fisk, Edith Fisk Adames and Dorothy Fisk Paine, appellant trustee was relieved from liability upon the ground that if mistake was made, there was but error of judgment.   The corporate trustee was entirely relieved from any liability.

The evidence fully justified the overruling of the objections last mentioned.   The judgment, in so far as appealed from by the defendant objectants, therefore, must be affirmed.   We concern ourselves with the question of whether the evidence justifies the conclusion that the appellant trustee is chargeable with negligence or mere error of judgment with respect to the particular investment under consideration.

The trust agreement was made February 10, 1903, by Pliny Fisk as a property settlement in a divorce action brought against him by his wife, the defendant objectant, Mary L. C. Fisk. Under its terms the settlor transferred securities to the trustees originally named to be held in two separate and equal trusts for the benefit of his wife and their two daughters, Edith Fisk (now Edith Fisk Adames) and Dorothy Fisk (now Dorothy Fisk Paine), with remainders over. The wife accepted the agreement as provision for her support in lieu of every other provision that might be required by the court in lieu of dower and other rights in the settlor's estate. If the income did not amount to $30,000 a year the deficiency was to be made up by the settlor.

The original trustees were the Standard Trust Company of New York and Harvey E. Fisk. The corporate trustee was merged with the Guaranty Trust Company of New York on October 16, 1912, and the latter has since been acting as trustee. Harvey E. Fisk resigned May 4, 1918, and the appellant, Lewis L. Clarke, was appointed his successor January 18, 1921, and has ever since acted as successor trustee. At the time of his appointment he had been an acquaintance of the settlor for some thirty years and he was selected by him with the consent of all three objectants.

The provisions of the agreement, in so far as material to the authority of the trustees in making investments, are: " Said Trustees are hereby authorized to invest any of the funds at any time subject to this agreement in such stocks and bonds of municipal and other corporations and other securities as shall in their discretion, or in the discretion of the individual Trustee, seem advisable, without being restricted to the securities in which trustees may, from time to time, be authorized by law to invest trust funds," and the following pertinent words: " Said Trustees shall be charged only with the exercise of reasonable care and diligence, and neither of them shall be liable for any mistake of judgment."

It is to be observed that the trustees were vested with the widest discretion in respect to investments. They had specific authority to purchase the stocks of any corporation. Legal trust investments were not required, but specifically waived. The measure of their liability is specifically stated. They were chargeable only with the exercise of reasonable care and diligence and " neither of them shall be liable for any mistake of judgment."

Neither dishonesty nor bad faith is charged and in fact both were disclaimed by the objectants on the trial. The question for consideration, therefore, is whether the appellant trustee was shown to have violated the obligation imposed upon him by failure to exercise reasonable care and diligence in the particular investment for which he has been held personally liable.

The investments in the two trusts at the date of the resignation of Harvey E. Fisk and the appointment of the appellant as his successor, included $53,000 General Baking Company first 6s June 1, 1936. These bonds in the face amount of $53,000 were called December 1, 1925, and the plaintiffs received therefor the sum of $55,650. On December eighteenth following they purchased 693 shares of General Baking Corporation class A stock at the price of $80.84 a share and for a total of $56,022.48. Further small additional purchases of the same stock, the exchange of the original 693 shares for cumulative preferred stock later issued, and still another exchange of the cumulative preferred for common stock of the General Baking Company (hereinafter called the Company), were later made. These purchases and exchanges will be considered as included in the main investment.

The Corporation was formed under the laws of the State of Maryland on October 3, 1925, as a holding company and was formed " to carry on on a large sphere the work of the General Baking Company." The decision at Special Term seems largely to have been influenced by the fact that the Corporation was a holding company, had only recently been organized, and its earning power not established at the date of the purchase of the securities in question. The conclusion was reached, therefore, that the investment was speculative and hazardous. With this conclusion we do not agree. While the Corporation was a new entity, it did not initiate a new business, but took over a going business. It owned ninety-nine per cent of the common stock of the Company and also controlled the Smith Great Western Baking Corporation and its subsidiary, Consumers Baking Company, both of which were going concerns. The evidence shows that the common stock of the Company had averaged earnings of nineteen dollars and sixty-nine cents a share during the years 1920 to 1924, inclusive; that between the date of the purchase and March 18, 1928, the class A stock that was then exchanged for the cumulative preferred stock of the Corporation earned five dollars and sixty cents a share in 1925; five dollars and fifty-four cents in 1926, and seven dollars and five cents in 1927. After the exchange for the new preferred of the Corporation, the latter stock earned six dollars and eighty-seven cents for 1928, and six dollars and forty-nine cents for 1929. Until March 18, 1928, the date of the exchange referred to, the class A stock paid dividends at the rate of five dollars a share and the cumulative preferred thereafter paid dividends at the rate of six dollars a share until January 21, 1931. In brief, it appears that from the date of the purchase of the class A stock in 1925, the investment paid a return of at least six per cent.

Of course, this investment, like all others, was adversely affected by the break in the security market and the depression which was well under way by 1931.

As already noted, under the terms of the trust agreement, the trustees were vested with the widest discretion and were to be held responsible only for failure to exercise reasonable care. They were to be entirely relieved from any error of judgment. Under the terms of the trust herein, the trustees were bound only to act in the manner of a reasonably prudent man handling his own affairs under like circumstances, and the measure of his responsibility is to be determined by a view of the facts as they existed at the time of the investment, not in the light of subsequent events. (*Purdy* v. *Lynch*, 145 N. Y. 462; *Costello* v. *Costello*, 209 id. 252; *Matter of Andrews*, 239 App. Div. 32.)

In addition to the foregoing facts, it is to be noted that the individual trustee when he assumed his duties, found in the corpus of the estate securities of the Company. True it is that they were bonds, but when called, it was but natural that a reinvestment should be made in a concern which, at the time, seemed to promise future and continued good earnings. The Company was dealing in a necessity of life in common daily use, thus affording the widest possible market for its product.

The main purpose of the trust was to produce an income of $30,000 a year, and the trustees, therefore, would naturally be inclined to make investments to return such yield. For six years at least the investment made a return equivalent to six per cent. In view of this and the other evidence in the case, we do not find any negligence in the premises.

We are of opinion that the facts stated herein are entitled to greater weight in determining the issue, rather than those relied upon by the trial justice and those urged by the objectant respondents' counsel to support the judgment in this respect. All of such facts and the arguments urged in support of the decision below have been considered in reaching this conclusion.

The judgment denies to both the corporate and the individual trustee commissions for receiving principal, but without prejudice to a claim for commissions for paying out such principal. The corporate trustee has not appealed from such denial. The appellant trustee, however, urges that commissions for receiving principal should have been allowed. The parties are in apparent accord that such compensation might have been obtained at a proper time from the settlor as the trust agreement provided that he would " also pay to the trustees their compensation and the expenses

of the trusts." In 1923, however, he became and still remains unable to pay any compensation or expenses.

The objectants maintain that the payment of compensation by the settlor was exclusive; the appellant individual trustee, that he was not bound to look solely to the settlor for commissions for receiving principal, particularly since the trustees did not covenant so to do (*Berry Harvester Co.* v. *Wood Co.*, 152 N. Y. 540, 547); and also because their appointment was not conditioned upon waiver of the usual commissions. (*Matter of Arkenburgh*, 38 App. Div. 473.)

It is also urged that section 1548 of the Civil Practice Act does not apply on the ground that the trust agreement does not provide for specific compensation, neither the amount nor time of payment being provided for therein. However, had the trustees looked to the settlor for their compensation, the trust estate would have been freed from any possible liability therefor and its assets further conserved to that extent. While having ample opportunity to demand this compensation from the settlor, the trustees did not do so. In view of this fact and also because the corporate trustee has not appealed from this part of the judgment, we think that under the peculiar circumstances of this case commissions for receiving the principal were properly denied.

The appellant individual trustee not being surchargeable, we are further of the opinion that he, like the corporate trustee, should be deemed entitled to deduct from income received or paid out after the date of the account filed herein commissions thereon, as provided in the judgment with respect to the corporate trustee.

We are further of opinion that the appellant individual trustee is entitled to the sum of $2,000 as fees to his attorneys for legal services in the trial of this action.

It follows, therefore, that the appeal of the individual successor trustee, Lewis L. Clarke, should be sustained to the extent as here indicated, and the judgment otherwise affirmed.

MARTIN, P. J., MERRELL, McAVOY and UNTERMYER, JJ., concur.

Judgment modified to the extent indicated in opinion, and as so modified affirmed. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.